IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BROADCAST MUSIC INC., *et al*,

   Plaintiffs,

  vs.

B & B ENTERTAINMENT, INC., doing Business as Crehan's Irish Pub, BARRY R. GREGORY, and PATTI L. GREGORY,

   Defendants.

Case No. 14-cv-01337-JPG-PMF

### ORDER

  The Court granted Plaintiffs' Motion for Summary Judgment (Doc. 4) on July 12, 2016, and reserved its ruling on plaintiff's costs and reasonable attorney fees.  A hearing was held on July 25, 2016, to prove up costs and reasonable attorney fees and the Court heard arguments from both parties.

  Plaintiff submitted the Declaration of Charles A. Laff along with detailed billing statements.  Plaintiff also submitted the American Intellectual Property Law Association's 2015 Report of the Economic Survey with regard to litigation costs in intellectual property cases and a copy of *Gonzales v. Transfer Tech*., Inc., 301 F.3d 608 (7th Cir. 2002).  The Court has reviewed and considered all the documents submitted by the plaintiff at the hearing along with the declaration of Mr. Laff, previously submitted to the Court.

  The *Gonzales* decision held that:  "[t]he smaller the damages, provided there is a real, and especially a willful, infringement, the stronger the case for an award of attorneys' fees. We urge this point, and we are not the first to do so."  *Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 610 (7th Cir. 2002)(*internal citations omitted*.)

However, the Seventh Circuit clarified that: "[w]e of course were not saying that the smaller the damages, the larger the fee. The fee is independent of the size of the damages. The point is only that when a meritorious claim or defense is not lucrative, an award of attorneys' fees may be necessary to enable the party possessing the meritorious claim or defense to press it to a successful conclusion rather than surrender it because the cost of vindication exceeds the private benefit to the party." *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004).

In this matter, the Court indicated in its order granting summary judgment and at the hearing, that the Court would be awarding attorney's fees. The Court also indicated that it's only concern with the requested attorneys' fees were the hourly billing rates. The parties were provided an opportunity to reach an agreement with regard to the attorney's fees and they have notified the Court that an agreement could not be reached.

Therefore, the Court finds that the attorneys' time billed for the legal work performed was appropriate and reasonable for this matter. However, the Court finds that an hourly rate of $650.00 per hour for a principal and $370.00 - $400.00 per hour for an associate is an excessive billing rate for a matter brought within the Southern District of Illinois. Although the plaintiff is free to select whatever counsel – in whatever location – its desires, the cost of that choice should not be borne by the defendant.

Per the prevailing rate within the geographical area of the Southern District of Illinois, the hourly rate for Mr. Laff is reduced to $500.00 per hour and the hourly rate for Mr. Espinoza is reduced to $250.00 per hour. As such, the Court is awarding attorney fees and costs in the amount of $13,373.66 consisting of 7.8 hours x $500.00 = $3,900.00; 35.3 hours x $250.00 = $8,825; and cost of $648.66.

**IT IS SO ORDERED.**

**DATED:** 8/30/2016

                                                *s/J. Phil Gilbert*
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**